UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH, #212103,

         Plaintiff,

                              CASE NO. 2:20-CV-13202
v.                             HON. ARTHUR J. TARNOW

JOHN CHRISTIANSEN, et al.,

         Defendants.

_____/

## OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

**I.**    **Introduction**

Michigan prisoner Kevin Smith ("Plaintiff"), currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff asserts that he is being denied the restoration of forfeited disciplinary credits and alleges that such conduct is discriminatory and retaliatory and that it caused him to contract Covid-19 in early November, 2020. ECF No. 1, PageID.9-13. He names Warden John Christiansen, Deputy Warden G. Miniard, Grievance Coordinator J. Hatton, Time Computation Unit Analyst M. Freiburger, and Michigan Department of

Corrections Director Heidi Washington as the defendants in this action.  He sues the

defendants in their individual and official capacities and seeks monetary damages.

Having reviewed the matter, the Court denies the application to proceed without

prepayment of fees or costs and dismisses the civil rights complaint without prejudice

pursuant to 28 U.S.C. § 1915(g).

## II.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be

precluded from proceeding without prepayment of the filing fee in a civil action

under certain circumstances.  The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section, if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to

dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing

fee if, on three or more previous occasions, a federal court has dismissed the

prisoner's action because it was frivolous, malicious, or failed to state a claim upon

which relief may be granted.  *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236

(11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Smith v. Heyns*, No. 11-00875 (W.D. Mich. Oct. 21, 2011); *Smith v. Granholm*, No. 08-00104 (W.D. Mich. Oct. 30, 2008); *Smith v. Johnson*, No. 02-00666 (W.D. Mich. Feb. 11, 2003). Additionally, Plaintiff has previously been denied leave to proceed in forma pauperis in at least one other federal lawsuits under the three strikes rule. *See, e.g., Smith v. Michigan Dep't of Corr.*, No. 18-12429 (E.D. Mich. Sept. 5, 2018) (similar case contesting the non-restoration of good time credits).[1]

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison

---

[1]The Court notes that Plaintiff falsely denied that he had a case dismissed based on the "three strikes rule" on his civil rights complaint form. *See* ECF No. 1, PageID.18. He also falsely denied that he had filed other lawsuits dealing with the same facts as this case. *Id.* at PageID.19. Such statements amount to a fraud upon the Court.

condition is 'real and proximate' and the danger of serious physical injury must exist

at the time the complaint is filed.  *See Rittner v. Kinder*, 290 F. App'x 796, 797-98

(6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003);

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

Plaintiff makes no such allegations so as to fall within the exception to the

three strikes rule.  While he states that he tested positive for COVID-19 on November

10, 2020 and had not received high blood pressure medicine for 10 days, ECF No. 1,

PageID.14, he does not allege facts indicating that the virus or the lack of medication

placed him in danger of imminent danger of serious physical injury at the time he

signed his complaint on November 20, 2020, EFC No. 1, PageId.21, or when he

submitted it to prison officials for mailing on November 23, 2020.  ECF No. 1,

PageID.38.  Allegations of past injury and conclusory allegations are sufficient to

satisfy the exception to the three strikes rule.  *See Vandiver v. Prison Health Svs.,
Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner*, 290 F. App'x at 797-98;

*Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

Moreover, Plaintiff's complaint concerns the restoration of forfeited

disciplinary credits, not his medical care, and he does not name any medical

personnel as defendants or seek medical or injunctive relief in this action.  As such,

he fails to allege that he is in imminent danger of serious physical injury from the named defendants. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there be some nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (prisoner does not meet the imminent danger exception when he no longer faces risk from the defendants due to prison transfer); *see also Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing *Pettus*); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (expounding on *Pettus*); *Tippns v. Holden, et al.*, No. 1:20-cv-598, 2020 WL 4344984, *4-5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to the subject of the complaint so as to not subvert the PLRA); *cf. Vandiver*, 727 F.3d at 588 (declining to address the nexus issue). Consequently, Plaintiff is not allowed to proceed without prepayment of the filing fee for this action.

## III. Conclusion

Based upon the foregoing, the Court concludes that Plaintiff has filed at least three previous actions or appeals which have been dismissed as frivolous and/or for

failure to state a claim upon which relief may be granted and that he fails to show that

he is under imminent danger of serious physical injury so as to fall within the

exception to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the

Court **DENIES** the application to proceed without prepayment of fees or costs and

**DISMISSES** the civil rights complaint pursuant to 28 U.S.C. § 1915(g).  This

dismissal is without prejudice to the filing of a new complaint with full payment of

the filing fee ($350.00) and the administrative fee ($52.00).

Lastly, the Court concludes that it has properly applied the "three strikes"

provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken

in good faith.  *See* 28 U.S.C. § 1915(a)(3).  This case is closed.

**IT IS SO ORDERED**.


 s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2021